IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal Action No. 3:20cr29

RASHAD JAVELL FRAIERSON,

Petitioner.

## MEMORANDUM OPINION

Rashad Javell Fraierson, a federal inmate filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion") arguing that his firearm convictions are invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019) and *Johnson v. United States*, 576 U.S. 591 (2015). (ECF No. 67.) The Government has responded. For the reasons explained below, the § 2255 Motion, (ECF No. 67), will be DENIED.[1]

## I. Pertinent Factual and Procedural History

On May 22, 2020, Fraierson was charged in a Criminal Information with: the Hobbs Act robbery of Powhatan Drug (Count One); brandishing a firearm during and in relation to a crime of violence, to wit the Hobbs Act robbery charged in Count One (Count Two); and brandishing a firearm during and in relation to a crime of violence, "to wit: Hobbs Act Robbery of the Bremo Pharmacy on November 25, 2019, and did aid and abet another in doing so" (Count Three). (ECF No. 25, at 1–2.) On June 25, 2020, Fraierson pled guilty to the three counts charged in the Criminal Information. (ECF No. 26, at 1.)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the punctuation, capitalization, and spelling in the quotations from the parties' submissions.

For sentencing purposes, Fraierson was deemed to be a career offender because he "was at least 18 years old at the time of the instant offense of conviction; **the instant offense of conviction is a felony that is ... a crime of violence ...** ; and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense ...." (ECF No. 37 ¶ 38 (emphasis added).) On October 14, 2020, the Court entered Judgment and sentenced Fraierson to 151 months on Count One, 84 months on Count Two, and 84 months on Count Three, with all sentences to be served consecutively. (ECF No. 54, at 2.)

On October 18, 2021, the Court received Fraierson's § 2255 Motion wherein he asserts that he is entitled to relief upon the following grounds:

| | |
|---|---|
| Claim One | "Hobbs Act robbery is not 'crime of violence,' under the Sentencing Guidelines 4B1.1 (career offender) [definition is] unconstitutionally vague." (ECF No. 67, at 4.) |
| Claim Two | "924(c) should be vacated due to Hobbs Act robbery is not a crime of violence pursuant to U.S.S.G. 4B1.1 (career offender)." (*Id.* at 5.) |
| Claim Three | "Ineffective counsel ... pursuant to U.S.S.G. manual app. C amend. 798, Hobbs Act robbery [is] not a crime of violence per 4B1.1(c)(2)(a) (career offender).... In the plea bargaining context, reasonably competent counsel will attempt to learn all of the facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis before allowing his client to plead guilty. My lawyer did not." (*Id.* at 7.) |
| Claim Four | "Plain error.... In the ordinary case, then, the fact that the District Court committed plain error in enhancing a defendant's Guidelines range under the career offender provision would be sufficient to show the necessary effect on substantial rights." (*Id.* at 8.) |

As explained below, Claims One, Two, and Four are procedurally defaulted and Claim Three lacks merit.

## II. Analysis

### A. General Jurisprudence Regarding Crimes of Violence for 924(c) Conviction

In *Johnson v. United States*, 576 U.S. 591 (2015), the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process," *id.* at 606,[2] because the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" in an unconstitutionally vague manner for the reason that the Residual Clause encompassed "conduct that presents a serious potential risk of physical injury to another." *Id.* at 597–98 (citation omitted). Subsequently, in *Welch v. United States*, 578 U.S. 120 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 135.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

---

[2] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1).

3

At the time of Fraierson's conviction, the United States could demonstrate that an underlying offense constitutes a crime of violence if it establishes that the offense is a felony and satisfied the so-called force clause of 18 U.S.C. § 924(c)(3). That provision defines a crime of violence as any felony that "has as an element the use, attempted use, or threatened use of physical *force against the person or property of another*." 18 U.S.C. § 924(c)(3)(A) (emphasis added).[3] The United States Court of Appeals for the Fourth Circuit has held that Hobbs Act robbery constitutes a valid crime of violence under the force clause. *See United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019).

### B. Crime of Violence under the Sentencing Guidelines

On April 21, 2021, the Fourth Circuit concluded that "Hobbs Act robbery is not a crime of violence under the career offender provision of the Sentencing Guidelines." *United States v. Green*, 996 F.3d 176, 184 (4th Cir. 2021). In reaching that conclusion, the Fourth Circuit identified that:

> Section 4B1.2(a) of the Sentencing Guidelines provides two alternative definitions of a "crime of violence." First, an offense will qualify as a crime of violence under the "force clause" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." [U.S.S.G.] § 4B1.2(a)(1). Second, an offense will qualify under the "enumerated clause" if it is among the listed offenses to be treated categorically as a crime of violence – including, as relevant here, both robbery and extortion. *Id.* § 4B1.2(a)(2).

*Id.* at 178. First, the Fourth Circuit held that Hobbs Act robbery was not categorically a crime of violence under the Guidelines force clause. *Id.* at 181.

> [T]he force clause of § 4B1.2(a)(1), which covers offenses that have "as an element the use, attempted use, or threatened use of physical force *against the person of*

---

[3] Another provision of 924(c), known as the residual clause, also defined a crime of violence as any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(e)(2)(B). The Supreme Court, however, invalidated the residual clause of § 924(c). *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague").

4

*another*." U.S.S.G. § 4B1.2(a)(1) (emphasis added). Hobbs Act robbery, as we have just described, may be committed by the use or threatened use of force against a "person *or property*." 18 U.S.C. § 1951(b)(1) (emphasis added). As a result, a person may be convicted of Hobbs Act robbery for conduct – use or threatened use of force against property – that is not encompassed by the force clause. Because Hobbs Act robbery sweeps more broadly than § 4B1.2(a)(1), it is not a categorical match for that provision.

*Id.* Next, the Fourth Circuit concluded that "there is no categorical match between Hobbs Act robbery and § 4B1.2(a)(2)'s enumeration of 'robbery' as a covered offense." *Id.*

The Fourth Circuit emphasized that its ruling in *Green* did not alter its prior decision in *Mathis* because, "[t]here is nothing incongruous about holding that Hobbs Act robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A), which includes force against a person or property, but not for purposes of U.S.S.G. § 4B1.2(a)(1), which is limited to force against a person." *Id.* at 184 (quoting *United States v. O'Connor*, 874 F.3d 1147, 1158 (10th Cir. 2017)).

### C. Claims One, Two, and Four Are Procedurally Defaulted

The Government correctly notes that, absent a showing of cause and prejudice or actual innocence, Claims One, Two, and Four are barred from review here because Fraierson could have raised, but did not raise, these claims on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622-23 (1998); *see also United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009) (internal quotation marks omitted) (citation omitted) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that *could have* been raised on appeal."). Fraierson suggests that his default should be excuse because "at the time these cases were not available to me and as they came available under due diligence, I'm filing this case." (ECF No. 67, at 6.)

"In order to justify the failure to raise an issue during trial and direct appeal based on a subsequent change in the law, the state of the law must have been such that the legal basis for the

5

claim was not reasonably available when the matter should have been raised." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citing *Turner v. Jabe*, 58 F.3d 924, 927–28 (4th Cir. 1995)). Prior to Fraierson's sentencing, four other federal courts of appeals had concluded that Hobbs Act robbery is not a crime of violence under § 4B1.2 of the Sentencing Guidelines. *See United States v. Eason*, 953 F.3d 1184, 1195 (11th Cir. 2020); *United States v. Rodriguez*, 770 F. App'x 18, 21 (3d Cir. 2019); *United States v. Camp*, 903 F.3d 594, 604 (6th Cir. 2018); *United States v. O'Connor*, 874 F.3d 1147, 1158 (10th Cir. 2017). Therefore, the legal challenge was clearly available to Fraierson at the time of his sentencing. Accordingly, Fraierson fails to demonstrate cause to excuse his default.

Additionally, Fraierson cannot establish actual innocence to excuse his default simply because, after *Green*, he would not qualify as a career offender. The Fourth Circuit has held that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (citing *United States v. Maybeck*, 23 F.3d 888, 894 (4th Cir. 1994)); *see also United States v. Foote*, 784 F.3d 931, 941–42 (4th Cir. 2015).

Finally, the Court observes that Fraierson is not actually innocent of his § 924(c) conviction. The decision in *Green* had no impact on the conclusion that Hobbs Act robbery constitutes a valid crime of violence predicate for his § 924(c) convictions.[4] *Green*, 996 F.3d at 184 (quoting *O'Connor*, 874 F.3d at 1158). Accordingly, Claim One, Two, and Four are procedurally defaulted. Fraierson has not established any basis for excusing his default. Claims One, Two, and Four will be DISMISSED.

---

[4] Thus, Claim Two also lacks legal merit.

### D. Alleged Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance." *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### 1. Fraierson Fails to Demonstrate Counsel Performed Deficiently

Ineffective assistance of counsel claims are to be "evaluated in the light of the available authority at the time of counsel's allegedly deficient performance." *United States v. Carthorne*, 878 F.3d 458, 466 (4th Cir. 2017) (citing *Winston v. Pearson*, 683 F.3d 489, 504 (4th Cir. 2012)). "A lawyer does not perform deficiently by failing to raise novel arguments that are unsupported by then-existing precedent." *United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019) (citing *United States v. Mason*, 774 F.3d 824, 830 (4th Cir. 2014)). "Although counsel is not required to anticipate new legal developments, an attorney may be required to make arguments 'in the absence of decisive precedent,' such as instances where 'there is relevant authority strongly suggesting that a sentencing enhancement is not proper.'" *McFadden v. United*

7

*States*, No. RDB–16–0087, 2022 WL 2971948, at *4 (D. Md. July 27, 2022) (quoting *Carthorne*, 878 F.3d at 465–66). A petitioner alleging ineffective assistance based on unsettled issues of law must show that "the relevant precedent strongly suggested that an objection was warranted." *Morris*, 917 F.3d at 826.

Counsel did not necessarily perform deficiently because "a couple of out-of-circuit cases" concluded that Hobbs Act robbery did not constitute a crime of violence for purposes of Section 4B1.2(a) of the Sentencing Guidelines. *Morris*, 917 F.3d at 826 (citing *Honey v. Mahoney*, 698 F.2d 213, 217 (4th Cir. 1983)). However, at the time of his sentencing in October of 2020, the Fourth Circuit had recently concluded that Hobbs Act robbery constituted a crime of violence for purposes of 18 U.S.C. 924(c). *See Mathis*, 932 F.3d at 266. In light of the that decision and the lack of other controlling authority, the relevant precedent did not strongly suggest that Hobbs Act robbery did not constitute a crime of violence under Section 4B1.2(a) of the Sentencing Guidelines. *See McFadden*, 2022 WL 2971948, at *4–5 (concluding counsel was not deficient for failing to raise identical objection based on the relevant precedent in September of 2018); *Jones v. United States*, No. 3:16–cr–00124–FDW–DSC–1, 2021 WL 4930903, at *5 (W.D.N.C. Oct. 21, 2021) (concluding counsel was not deficient for failing to raise identical objection based on the relevant precedent in November of 2016), *appeal dismissed*, No. 21–7744, 2022 WL 11752003 (4th Cir. Oct. 20, 2022). Accordingly, Fraierson fails to demonstrate that the counsel performed deficiently by failing to object to his career offender designation on the grounds that Hobbs Act robbery did not constitute a crime of violence under the Sentencing Guidelines.

### 2. **Fraierson Fails to Demonstrate Prejudice**

Fraierson contends that he was denied effective assistance of counsel in conjunction with his guilty plea because counsel failed to perceive that Hobbs Act robbery did not constitute a

8

crime of violence under Section 4B1.2(a) of the Sentencing Guidelines. In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Any assertion by Fraierson that he would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue. *See United States v. Mora-Gomez*, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and [highly] dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing *Hill*, 474 U.S. at 59–60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *See id.* at 369–70. In conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

  Fraierson fails to argue, much less demonstrate, that if he had been advised that he was not a career offender he would not have pled guilty and would have insisted on going to trial. Therefore, he fails to demonstrate prejudice. *Hill*, 474 U.S. at 60, (concluding where the petitioner "did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial . . . . [He] failed to allege the kind of 'prejudice' necessary to satisfy the second half of the *Strickland*"). Because Fraierson fails to demonstrate deficiency of counsel or prejudice, Claim Three will be DISMISSED.

### III. Conclusion

The § 2255 Motion will be DENIED. (ECF No. 67.) Fraierson's claims and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Fraierson has not satisfied this standard. A certificate of appealability will be DENIED.

An appropriate Final Order shall accompany this Memorandum Opinion.

Date: 12/2/2022
Richmond, Virginia

/s/ M. Hannah Lauck
United States District Judge